UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOSE CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON, individually
and severally subscribing to policy
number A0364/15000

      Plaintiff,

v.                                          Case No: 2:15-cv-669-FtM-38CM

GONE COUNTRY MOTOR
SPORTS, INC., TIMOTHY LLOYD,
SCOTT KIRK, MARLAYNA
GOMEZ and JARED O'KEEFE,

      Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Dispense with Mediation (Doc. 75) filed on September 22, 2016. Defendant Gone Country Motor Sports, Inc. ("Gone Country") owns a park open to trucks, ATVs, jeeps, and swamp buggies. Doc. 75 at 2. Three other individual defendants either have made claims against Gone Country's liability policy or have potential claims arising out of injuries obtained at Gone Country's establishment. *Id.* Plaintiffs seek declaratory judgment that the liability policy issued to Gone Country contains a liability limit of $250,000 per occurrence. *Id.* at 1. Plaintiff also seeks that the claims of Defendants Scott Kirk and Marlayna Gomez arise from a single occurrence. *Id.* at 2.

On March 25, 2015, the Court issued a Case Management Scheduling Order ("CMSO") setting the mediation deadline to September 22, 2016, the deadline for dispositive motions, *Daubert*, and *Markman* motions to October 6, 2016, and a trial term of February 6, 2017.  Doc. 60.  The CMSO states that "[a]ll parties shall participate, in a good faith effort, in Court annexed, *mandatory* mediation."  *Id.* at 12 (emphasis added).  The Order also prescribes that the parties "shall complete the mediation conference on or before [September 22, 2016.]"  *Id.*  On April 5, 2016, the parties filed a Notice of Selection of Mediator.  Doc. 63.  On the final date of the mediation deadline, September 22, 2016, the parties filed the present motion on the ground that the issues here are legal and cannot be resolved through mediation. Doc. 75 at 2-3.  The parties state that the issues should be resolved through summary judgment, and that a mediation of monetary damages, which are not at issue here, would be more meaningful after resolution of any summary judgment motions.  *Id.* at 3.

Under Local Rule 9.03(a), the presiding judge may order a referral of any civil action or claim to a mediation conference except when the action already has been arbitrated in accordance with Chapter Eight of the Rules of the Middle District of Florida, or when the action is (1) appeals from rulings of administrative agencies, (2) habeas corpus and/or extraordinary writs, (3) forfeitures of seized property, or (4) bankruptcy appeals.  The court also may exempt or withdraw any civil action or claim from mediation "upon determination for any reason that the case is not suitable for mediation."  M.D. Fla. R. 9.03(c).  If the court decides that a referral to a

mediation conference is appropriate pursuant to Local Rule 9.03(a) or (b),[1] the court shall enter an order of referral which shall:

(1) Designate the mediator if one has previously been selected by the parties or, if not, allow fourteen (14) days for the parties to make such selection and notify the Court.

(2) Define the window of time in which the mediation conference may be conducted, preferably not sooner than 45 days and not later than fourteen (14) days before the scheduled trial date.

(3) Designate an attorney as lead counsel, who shall be responsible for coordinating two alternate mediation conference dates agreeable to the mediator and all counsel of record.

M.D. Fla. R. 9.04(a).  "Not later than twenty-one (21) days after the entry of the order of referral pursuant to Local Rule 9.04(a), lead counsel shall file a report indicating the agreeable alternate mediation conference dates."  M.D. Fla. R. 9.05(a).

Here, the Court finds that an order of referral pursuant to Local Rule 9.03(a) is appropriate.  As noted in the CMSO, a mediation conference is mandatory.  Doc. 50 at 12.  The parties do not indicate that they already have arbitrated in accordance with Chapter Eight of the Rules of the Middle District of Florida, or that this case is one of the four cases that referral to mediation is not appropriate.  Doc. 75; M.D. Fla. R. 9.03(a).  The parties also do not cite any law that exempts the parties from mediation because the disputed issues are purely legal.  Doc. 75.  Furthermore, having a mediation conference at least on monetary damages not sooner than 45 days and not later than fourteen (14) days before the trial term of February 6, 2017 is likely

---

[1] Local Rule 9.03(b) is about a referral to a mediation conference upon stipulation of counsel.

to be helpful because the parties' summary judgment motions, if filed at all, are likely to be resolved by then. The parties have up to and including October 6, 2016 to file any dispositive motions including summary judgment motions and have not asked for any extension. Doc. 50. As a result, the Court denies the parties' Joint Motion to Dispense with Mediation (Doc. 75) and finds this case's referral to mediation is appropriate pursuant to Local Rule 9.03(a).

Instead, the Court will accommodate to the parties' argument that a mediation conference would be better served after resolution of summary judgment by extending the mediation deadline to January 2, 2017. Doc. 75 at 3. The extended mediation deadline is three (3) months after the deadline of October 6, 2016 for dispositive motions and four (4) days before the deadline of January 6, 2017 for a Joint Final Pretrial Statement. Doc. 50 at 2. Under the extended mediation deadline, the parties will have ample time to conduct a mediation conference and also are likely to see their summary judgment motions resolved before a mediation conference. *Id.*; *see* Doc. 75 at 3.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Joint Motion to Dispense with Mediation (Doc. 75) is **DENIED**.

2. Pursuant to Local Rule 9.04(a)(1), the Court refers this matter to mediation.

3. Pursuant to Local Rule 9.04(a)(1), the Court designates Jim Nulman as the mediator in this case because he is the mediator selected by the parties according to the Notice (Doc. 63).

4. Pursuant to Local Rule 9.04(a)(2), the parties shall have up to and including **January 2, 2017** to participate in a mediation conference.

5. Pursuant to Local Rule 9.04(a)(3), the Court designates Plaintiff's local counsel, Patrick Edward Betar, as lead counsel who shall be responsible for coordinating two alternate mediation conference dates agreeable to the mediator and all counsel of record.

6. Pursuant to Local Rule 9.05(a), attorney Patrick Edward Betar as lead counsel shall have up to and including October 26, 2016 to file a report indicating the agreeable alternate mediation conference dates.

7. Pursuant to Local Rule 9.05(b), the Court shall fix the date for the mediation conference by order if lead counsel does not file the report or secure agreeable dates. Pursuant to the same rule and the deadline set above, the parties may arrange a mutually convenient place and time for a mediation conference.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record